CURRAULT, Judge.
This appeal arises from the Twenty-Fourth Judicial District Court, Division “J”, wherein the Honorable Jacob L. Karno dismissed plaintiff’s suit pursuant to defendant’s peremptory exception of prescription.
The suit resulted from a claim for a lost import-interstate shipment of seven cartons of silk flowers plaintiff ordered in July, 1978, from Hong Kong. The cartons were shipped by container. Once reaching the *1190 West Coast of the United States, the container was trans-shipped by rail on a Southern Pacific Railroad flatcar to their yards at Avondale, Louisiana. From Avondale, the container was delivered in November, 1978, by truck to Intercoastal Warehouse for unloading pending final instructions of the consignees as to the method to be used in getting the freight to its final destination.
Plaintiff alleges the loss occurred sometime between November, 1978 and June, 1979. Subsequently, plaintiff filed suit on August 6,1981. Defendant filed a peremptory exception of prescription which asserted that plaintiffs action had prescribed by liberative prescription of either one or two years. Defendant supported its exception by stating it was an agent of the Texas & Pacific Railroad and further stressed the applicable prescriptive periods were either LSA-C.C. art. 3536 or LSA-R.S. 45:1100. Defendant’s exception was maintained and plaintiffs suit was dismissed by judgment dated and signed September 28, 1981. Plaintiff has appealed that judgment. We note that the matter was submitted only on the pleadings; no evidence was offered by either litigant.
After reviewing the factual pleadings, we find the nature of the action asserted by plaintiff is one in tort. Plaintiff has couched his petition in negligence and bases his recovery for damages solely on the negligence of the defendant. Accordingly, the applicable prescriptive period is one year, LSA-C.C. art. 3536, and plaintiffs petition indicates on its face that his action has prescribed.
For the above stated reasons, the judgment appealed from is affirmed.

AFFIRMED.